IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:20-cv-00543-MR

| | |
|---|---|
| JAMES ALFRED FUTRELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ROY COOPER, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1]. Plaintiff is proceeding in *forma pauperis*. [Doc. 7].

I. **BACKGROUND**

The *pro se* Plaintiff, who is presently incarcerated at the Catawba Correctional Center ("Catawba C.C."), filed this civil rights action pursuant to 42 U.S.C. § 1983 complaining about several transfers that occurred during the COVID-19 pandemic. He names as Defendants: Roy Cooper, the Governor of North Carolina, and John Doe, the superintendent of the Piedmont Correctional Institution ("Piedmont C.I."). [Doc. 1].

The Plaintiff alleges that he was shipped from Rockingham County Jail to Piedmont C.I. in May 2020, and then to Catawba C.C. in June 2020 "amid the coronavirus pandemic." [Doc. 1 at 3]. The Plaintiff appears to allege that

his transfer to two different prisons within the North Carolina Department of Public Safety ("NCDPS") during the COVID-19 pandemic violated his Eight, Ninth, and Fourteenth Amendment rights as well as an Executive Order issued by Governor Cooper as a part of North Carolina's response to the COVID-19 pandemic. [Id. at 2]. The Plaintiff seeks damages and housing placement upon his release from prison[1] so that he does not risk exposing his 80-year-old mother to COVID-19. [Id. at 4].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios.

---

[1] The North Carolina Department of Public Safety's website indicates that the Plaintiff's anticipated release date is August 30, 2021. See https://webapps.doc.state.nc.us/opi/offendersearch.do?method=view (last visited Mar. 31, 2021).

2

Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

### A. Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). Extreme deprivations are required, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992). The plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm. Farmer v.

3

Brennan, 511 U.S. 825, 847 (1994). A plaintiff must also allege "a serious or significant physical or emotional injury resulting from the challenged conditions." Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993).

The Plaintiff's bare citation to the Eighth Amendment fails to satisfy the very high standard to state a claim for cruel and unusual punishment. See De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003). The Plaintiff has failed to allege any facts stating a plausible claim that the Defendants violated his Eighth Amendment rights. Therefore, this claim will be dismissed for failure to state a claim upon which relief can be granted.

### B. Ninth Amendment

The Ninth Amendment provides that "[t]he enumeration in the Constitution of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. Amend. IX. "[T]he Ninth Amendment creates no constitutional rights." Wohlford v. U.S. Dep't of Agriculture, 842 F.2d 1293, 1293 (4th Cir. 1988); see Cooper Butt ex rel Q.T.R. v. Barr, 954 F.3d 901, 908 (6th Cir. 2020) (same); Phillips v. City of New York, 775 F.3d 538, 544 (2d Cir. 2015) (same). Therefore, the Ninth Amendment cannot support a § 1983 civil rights claim. See Strandberg v. City of Helena, 791 F.2d 744, 748 (9th Cir. 1986) ("the ninth amendment has never been recognized as independently securing any constitutional right,

for purposes of pursuing a civil rights claim."); James-Bey v. N.C. Dep't of Public Safety, 1:19-cv-00020-FDW, 2019 WL 5198490 (W.D.N.C. Oct. 15, 2019) (dismissing § 1983 claim on initial review because the Ninth Amendment does not confer substantive rights and cannot form the basis of a § 1983 action); Evans v. Pitt Cnty. Dep't of Social Serv., 972 F.Supp.2d 778 (E.D.N.C. 2013), *vacated in part on other grounds*, Evans v. Perry, 578 Fed. App'x 229 (4th Cir. 2014) ("[T]he Ninth Amendment is a rule of construction, not one that protects any specific right, and so no independent constitutional protection is recognized which derives from the Ninth Amendment and which may support a § 1983 cause of action.").

The Plaintiff's attempt to state a § 1983 claim based on the Ninth Amendment fails as a matter of law and it will be dismissed as frivolous.

### C. Fourteenth Amendment

The Fourteenth Amendment's Due Process Clause prohibits states from "depriv[ing] any person of life, liberty, or property without due process of law." U.S. Const. Amend. XIV, § 1. Prisoners do not have a liberty interest in any particular housing assignment unless it imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

5

The Plaintiff complains generally that he was subjected to two transfers within NCDPS during the COVID-19 pandemic. However, he fails to explain how these transfers imposed an atypical and significant hardship on him and thus violated his due process rights. That he was transferred during the pandemic despite his apparent wishes not to undergo transfers does not implicate any constitutional right. Further, the Plaintiff fails to allege facts demonstrating how the Defendants were involved in those transfers in any way. Therefore, the Plaintiff's Fourteenth Amendment claim will be dismissed for failure to state a claim upon which relief can be granted.

### D.  Executive Orders

Finally, the Plaintiff appears to allege that the transfers violated an Executive Order issued by Governor Cooper as a part of North Carolina's response to the COVID-19 pandemic.

This claim is too vague and conclusory to proceed in that the Plaintiff fails to identify the Executive Order to which he refers, or to allege any facts describing how the Defendants violated the Executive Order such that the Court could conclude that a cause of action exists. Even if the Plaintiff had stated a facially sufficient claim under North Carolina law, the Plaintiff has not asserted a federal claim that has passed initial review. Accordingly, the

Court declines to exercise supplemental jurisdiction over the Plaintiff's state law claim at this time.  28 U.S.C. §§ 1367(a), (c)(1)-(4).

## IV. CONCLUSION

In sum, Plaintiff has failed to state a claim against any Defendant.  The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to correct its deficiencies and properly state a claim upon which relief can be granted.  Should Plaintiff fail to timely amend his Complaint, this action will be dismissed without prejudice and without further notice to Plaintiff.

**IT IS, THEREFORE, ORDERED** that the Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order.  If Plaintiff fails to amend the Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

**IT IS FURTHER ORDERED** that the Clerk is instructed to mail Plaintiff a blank prisoner § 1983 complaint form along with a copy of this Order.

**IT IS SO ORDERED**.

Signed: April 2, 2021

Martin Reidinger
Chief United States District Judge